Tommie JONES, Plaintiff-Respondent,

v.

AETNA CASUALTY & SURETY COMPANY, Defendant-Appellant,

Eric Alderson, Defendant.

Court of Appeals

*No. 96–1183–FT. Submitted on briefs December 17, 1996.—Decided June 24, 1997.*

(Also reported in 567 N.W.2d 904.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Stuart F. Roitburd* of *Spindler, Roitburd, Schwemer & Munson,* of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *John T. Hemminger* of *Eisenberg, Weigel, Carlson, Blau, Reitz & Clemens, S.C.,* of Milwaukee.

Before Wedemeyer, P.J., Fine and Curley, JJ.

FINE, J. Aetna Casualty and Surety Company appeals from a judgment denying it a setoff for payments it made to Tommie Jones pursuant to the medical-pay provisions of its insurance contract with Jones. We reverse.

## I.

Jones was injured in an automobile accident with Eric Alderson. Alderson was uninsured. Jones was insured by Aetna. The Aetna policy provided uninsured-motorist and medical-payments coverage. Jones made claims for medical expenses under the policy, which Aetna paid.

Jones then sued Alderson and Aetna, seeking recovery for his injuries. A jury awarded Jones $3,544 for his past medical and hospital expenses, $600 for past pain and suffering, and nothing for future pain and suffering.

After the verdict, Aetna sought as a setoff the $2,633 it had paid to Jones under the policy's medical-payments provision. The trial court denied the setoff.

## II.

■

Section 632.32(4)(b), STATS., provides, in pertinent part, that "[u]nder the medical or chiropractic payments coverage, the insurer shall be subrogated to the rights of its insured to the extent of its payments." The meaning of a statute presents a question of law that we review *de novo. See Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519, 522 (1996). We must first examine the plain language of the statute, and if the meaning is plain, we may not look further than the language itself to determine its meaning. *Ibid.*

■

Section 632.32(4)(b), STATS., is plain and unambiguous. When an insurer makes payments to or on behalf of its insured under the medical-payments portion of its policy, it is subrogated to its insured's right to recover "to the extent of its payments." Contrary to

167

Jones's argument and the trial court's holding, the statute does not require that an insurer named as a defendant plead setoff or file a counterclaim in order to recover payments it made to or on behalf of its insured. Subrogation "prevents the insured from recouping a windfall double recovery." *Cunningham v. Metropolitan Life Ins. Co.*, 121 Wis. 2d 437, 444, 360 N.W.2d 33, 36 (1985). In this case, to deny Aetna its statutory subrogation rights, would give Jones an impermissible windfall.

*By the Court.*—Judgment reversed.